# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY PHIPPS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 05-493-RAW-KEW |
| | ) |
| EDDIE BELL, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his loss of earned credits as a result of a prison disciplinary hearing at Muskogee Community Correction Center. He alleges there was no active investigation of the offense and no evidence of his guilt.

The record shows that on October 20, 2005, petitioner was called for a urinalysis, but after two hours and eight ounces of water, he did not produce a specimen. He, therefore, was issued an Offense Report for Individual Disruptive Behavior on that same date. The Investigator's Report, dated October 22, 2005, states that petitioner claimed he could not produce a urine sample when asked, because of his diabetic condition. Petitioner was found guilty at his October 25, 2005, disciplinary hearing, based on his failure to produce the urine sample and the facility nurse's statement that petitioner's diabetes would not affect his ability to urinate. The Disciplinary Hearing Report stated that petitioner was sanctioned with the loss of 120 earned credits. The respondent alleges, however, that petitioner did not have any earned credits to lose at the time of the disciplinary proceedings. The respondent further asserts petitioner has not exhausted his state administrative remedies for this claim, and the

court lacks jurisdiction.

It is well-established that "the requirements of procedural due process apply only to the deprivation of those interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). It also is true that Oklahoma state law may create a liberty interest in earned good time credits. *See Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993). Oklahoma law mandates that petitioner must serve 85% of his sentence, however, before he is eligible to earn credits. *See* Okla. Stat. tit. 21, § 13.1. According to the respondent, petitioner did not reach that point until July 2006. Therefore, petitioner had no earned credits to lose at the time of the misconduct, and he enjoyed no liberty interest in them. *See Stephens v. Thomas*, 19 F.3d 498, 501 (10th Cir.), *cert. denied*, 513 U.S. 1002 (1994) (holding there was no liberty interest in the loss of good-time credits when the inmates were not entitled to credits in the first place as a matter of law).

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 14th day of December 2007.

_____
**KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE**